# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 3:17CR143 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| v. | : | |
| BLAS MARTINEZ-ROLDAN (1), Aka "Carlos Martinez" | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE
OF PROPERTY AS TO DEFENDANT BLAS MARTINEZ-ROLDAN**

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, the Court HEREBY FINDS THAT:

1. The Defendant having pled guilty to Count 1 of the Indictment charging him with conspiracy to knowingly, fraudulently and unlawfully enter into a criminal conspiracy that had as its express object to: (a) produce, possess and transfer in excess of five or more false identification documents, in violation of 18 U.S.C. §§ 1028(a)(1), (2) and (3); (b) make, possess, receive, obtain, utter, sell and otherwise dispose of counterfeit and otherwise false alien registration receipt cards (aka "green cards"), in violation of 18 U.S.C. § 1546(a); and (c) possess and sell counterfeit social security cards, in violation of 42 U.S.C. § 408(a)(7)(C), all in violation of 18 U.S.C. § 371, and agreed to the immediate forfeiture, pursuant to:

   a. 18 U.S.C. § 982(a)(6), of any property real or personal, constituting, or derived from, or is traceable to proceeds obtained directly or indirectly from the conspiracy to violate 18 U.S.C. § 1546(a), or that is used to facilitate, or is intended to be used to facilitate the commission of said offense; and

   b. 18 U.S.C. § 982(a)(2), of any property constituting, or derived from, proceeds obtained directly or indirectly, from the conspiracy to violate 18 U.S.C. § 1028.

2. The Defendant specifically agreed that the following property (hereinafter "Subject Property") is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6) and 18 U.S.C. § 982(a)(2):

   a. Pavilion 20 All-in-One PC, Model: 20-b013w, SN: 3CR3140HDT;
   b. Compaq Desktop, Model: CQ5110F, SN: MXX9220D04;
   c. Alcatel One Touch Cricket cell phone, Model: 4060O, SN: 014671001661240;
   d. Samsung Galazy Amp2 Cricket cell phone, Model: SM-J120AZ UD, SN: R58H425T16X;
   e. Alcatel One Touch Idol Cricket cell phone, Model: 6045O, SN: 014497001507716;
   f. HP Desktop, SN: 2UA8390NJZ;
   g. HP Desktop, Model 8000 Ultra Slim, SN: 2UA0340S4H;
   h. Lenovo ThinkCentre computer, Model: Lenovo Tiny-W, SN: MJ0110V;
   i. LG Cricket cell phone, Model: LG-K540, SN: 611CYHE361545;
   j. Samsung Galaxy S5 cell phone, Model: SM-G900V UD, SN: IMEI: 990004906553106;
   k. Samsung Galaxy S5 cell phone, Model: SM-G900V UD, SN: IMEI: 990004913153700;
   l. Samsung Galaxy S7 cell phone, Model: SM-G930A UD, SN: IMEI: 357425077835815;
   m. Samsung Galaxy S7 Edge cell phone, Model: SM-G935V UD, SN: IMEI: 358166075721479;
   n. USB Patriot XT 8GB;
   o. USB SanDisk Cruzer Glide 32GB;
   p. USB PNY 32GB;
   q. $4,000.00 U.S. Currency;
   r. Evolis Card Printer, Model: Pebble, SN: 10000222121;
   s. Epson Workforce Color Inkjet Printer, Model: C531A;
   t. HP Envy Printer, Model HP Envy 5642, SN: TH65N9R1JW;
   u. Samsung SCX Printer, Model: SCX-3405, SN: Z6U7B8KD6E009LL.

3. The Defendant has an interest in the Subject Property.

4. The Subject Property is forfeitable pursuant to:

   a. 18 U.S.C. § 982(a)(6), as any property real or personal, constituting, or derived from, or is traceable to proceeds obtained directly or indirectly from the conspiracy to violate 18 U.S.C. § 1546(a); or that is used to facilitate, or is intended to be used to facilitate, the commission of said offense; and

    b.  18 U.S.C. § 982(a)(2), as any property constituting, or derived from, proceeds obtained directly or indirectly, from the conspiracy to violate 18 U.S.C. § 1028.

  5.  The United States has established the requisite nexus between the Subject Property and the Defendant's offense.

  THEREFORE, IT IS HEREBY ORDERED THAT:

  6.  The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 982(a)(6), any property real or personal, constituting, or derived from, or is traceable to proceeds obtained directly or indirectly from the conspiracy to violate 18 U.S.C. § 1546(a), or that is used to facilitate, or is intended to be used to facilitate the commission of said offense; and pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, from the conspiracy to violate 18 U.S.C. § 1028.

  7.  Pursuant to 18 U.S.C. § 982(a)(6) and 18 U.S.C. § 982(a)(2) the following Subject Property is hereby forfeited:

    a. Pavilion 20 All-in-One PC, Model: 20-b013w, SN: 3CR3140HDT;
    b. Compaq Desktop, Model: CQ5110F, SN: MXX9220D04;
    c. Alcatel One Touch Cricket cell phone, Model: 4060O, SN: 014671001661240;
    d. Samsung Galazy Amp2 Cricket cell phone, Model: SM-J120AZ UD, SN: R58H425T16X;
    e. Alcatel One Touch Idol Cricket cell phone, Model: 6045O, SN: 014497001507716;
    f. HP Desktop, SN: 2UA8390NJZ;
    g. HP Desktop, Model 8000 Ultra Slim, SN: 2UA0340S4H;
    h. Lenovo ThinkCentre computer, Model: Lenovo Tiny-W, SN: MJ0110V;
    i. LG Cricket cell phone, Model: LG-K540, SN: 611CYHE361545;
    j. Samsung Galaxy S5 cell phone, Model: SM-G900V UD, SN: IMEI: 990004906553106;
    k. Samsung Galaxy S5 cell phone, Model: SM-G900V UD, SN: IMEI: 990004913153700;
    l. Samsung Galaxy S7 cell phone, Model: SM-G930A UD, SN: IMEI: 357425077835815;
    m. Samsung Galaxy S7 Edge cell phone, Model: SM-G935V UD, SN: IMEI: 358166075721479;

      n.  USB Patriot XT 8GB;
      o.  USB SanDisk Cruzer Glide 32GB;
      p.  USB PNY 32GB;
      q.  $4,000.00 U.S. Currency;
      r.  Evolis Card Printer, Model: Pebble, SN: 10000222121;
      s.  Epson Workforce Color Inkjet Printer, Model: C531A;
      t.  HP Envy Printer, Model HP Envy 5642, SN: TH65N9R1JW;
      u.  Samsung SCX Printer, Model: SCX-3405, SN: Z6U7B8KD6E009LL.

8. The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

9. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

10. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

11. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice

may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

12. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

13. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

14. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

15. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

16. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: April 3, 2018

                                                SO ORDERED:

                                                *s/Thomas M. Rose
                                                _____

                                                THOMAS M. ROSE
                                                UNITED STATES DISTRICT JUDGE